Joseph E. Mattia, Esq., Michael A. Wentz, Esq., Chad G. Boonswang, Esq.
THE BOONSWANG LAW FIRM
1500 Sansom Street
Suite 200
Philadelphia, PA 19102-2800
Tel. 215.940.8900
Fax 215.974.7800
Email: joseph@boonswanglaw.com; michael@boonswanglaw.com; chad@boonswanglaw.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SAUNDRA RIVERS & TONI NORRIS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICA CENTURY LIFE INSURANCE COMPANY,<br><br>Defendant. | **CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiffs, Saundra Rivers and Toni Norris, by and through their undersigned attorneys, brings this action against Defendant, American Century Life Insurance Company ("Defendant"). All allegations made in this Class Action Complaint are based upon information and belief except for those allegations that pertain to Plaintiff, which are based on personal knowledge. Each allegation in this Class Action Complaint has evidentiary support or, alternatively, pursuant to Rule 11(b)(3) of the *Federal Rules of Civil Procedure*, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

Complaint - 1

**INTRODUCTION**

1. Defendant, American Century Life, is a major insurance provider, specializing in life insurance contracts referred to as life insurance "policies."

2. Defendant contracts to provide life insurance policies which are payable to the policyholder's beneficiaries upon the death of the policyholder.

3. These insurance policies include an incontestability clause, which states that Defendant cannot contest the validity of the policy after it has been in effect for two (2) years of the policyholder's life.

4. Contrary to express contractual language, upon information and belief, Defendant habitually breaches this clause by challenging the validity of contracts after the two-year period expires, and unilaterally rescinds the policy to avoid issuing the required payment to the policies' beneficiaries.

**PARTIES**

5. Plaintiff, Saundra Rivers, is a resident of Dallas County, and currently resides at 3880 South Beckley Avenue #3807, Dallas, TX 75224.

6. Plaintiff, Toni Norris, is a resident of Oakland County, and currently resides at 25521 Arden Park Dr., Farmington Hill, MI 48336.

7. Defendant, American Century Life Insurance Company, is a Texas corporation with its principal place of business located at 1333 West McDermott Drive, Suite 200 Allen, TX 75013. Defendant is a private insurance company with a primary business of marketing, designing, and selling insurance products. Defendant American Century Life engages in continuous and substantial business throughout the United States, including in Pennsylvania.

Complaint - 2

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over the claims asserted herein pursuant to the Class Action Fairness Act, 28 U.S.C. §1332(d)(2), because Plaintiff and some of the members of the proposed classes are citizens of a State different from that of the Defendant and, upon the original filing of this Complaint, members of the putative class reside in states around the country; there are more than 100 putative class members; and the amount in controversy exceeds $5 million, exclusive of interest and costs.

9. The Court also has personal jurisdiction over the parties because Defendant conducts a major part of their national operations, advertising, and sales through continuous business activity in this District.

10. Venue is further appropriate pursuant to 28 U.S.C. §1391 because Defendant conducts business in this District, because it has specifically marketed, advertised, and contracted extensively in Pennsylvania. Venue is also proper in this Court because a substantial part of the events and actions giving rise to the harm suffered by Plaintiff and members of the proposed Class occurred in this District.

## FACTUAL BACKGROUND

### *SAUNDRA RIVERS' CLAIM*

11. Sadie Wiley purchased life insurance policy 201510377T from Defendant on July 7, 2015 (see attached Exhibit A).

12. The beneficiary listed under the policy was Ms. Wiley's daughter, Saundra Rivers.

13. For the proceeding five (5) years, Ms. Wiley timely paid all premiums on her policy.

14. Ms. Wiley died on May 2, 2020 (see attached Exhibit B).

Complaint - 3

15. Shortly after Ms. Wiley's passing, Ms. Rivers filed a claim on life insurance policy 201510377T as the listed beneficiary.

16. On June 12, 2020, Defendant denied Ms. Rivers' claim (see attached Exhibit C).

17. Defendant asserted that the application contained material misrepresentations from 2015 and thus it was not liable for payment in 2020.

18. Ms. Rivers retained the undersigned counsel to recoup the benefit legally owed to her.

19. On August 27, 2021, Ms. Rivers' counsel sent a final letter explaining to Defendant that it was not legally entitled to rescind Ms. Wiley's policy because the policy had been in force for five (5) years (see attached Exhibit D).

20. In response to this information, Defendant curtly and inexplicably stated that its position had not changed, and that Ms. Rivers' counsel should refer to its prior denials for further clarification. (see attached E).

21. As of the day of this filing, Defendant has failed to explain why or how it was entitled to blatantly violate the express terms of the policy.

### *TONI NORRIS' CLAIM*

22. Cornelius Crosby ("Mr. Crosby") obtained a life insurance policy (identified as Policy Number 201710156T) from Defendant on March 3, 2017 (see attached Exhibit F).

23. The sole beneficiary listed under the Policy Number 201710156T is Plaintiff Toni Norris.

24. For the proceeding four (4) years, Mr. Crosby timely paid all premiums on Policy Number 201710156T.

25. Mr. Crosby's dutiful payments ensured that Policy Number 201710156T was active and in full force when Mr. Crosby died on June 18, 2021 (see Exhibit G).

Complaint - 4

26. Following the death of Mr. Crosby, the sole beneficiary of Policy Number 201710156T, Plaintiff Toni Norris, filed a claim for death benefits associated with Policy Number 201710156T.

27. On July 22, 2021, Defendant denied Plaintiff Toni Norris' claim for death benefits associated with Policy Number 201710156T (see attached Exhibit H).

28. Defendant's July 22, 2021, letter asserted that death benefits were not payable because Mr. Crosby's March 1, 2017, application associated with Policy No. 201710156T contained material misrepresentations.  (see attached Exhibit H).

29. Plaintiff Toni Norris responded to Defendant's July 22, 2021, denial letter by retaining the undersigned counsel in an effort to recoup the death benefit legally owed to her.

30. As of the time of this filing, Defendant has failed to explain how it was entitled to blatantly violate the express terms of the contract identified as Policy No. 201710156T.

## *CLASS ACTION ALLEGATIONS*

31. Defendant is a multi-million-dollar corporation which provides insurance products.

32. Defendant's primary product is its insurance policies, which includes life insurance and annuity products.

33. The application process for one of Defendant's life insurance policies is nominal.

34. An applicant is asked a simple health questionnaire to determine whether coverage will be extended.

35. Defendant does not use a review of medical records, nor a required physical to aid its granting of life insurance coverage.

36. Defendant relies on post claim underwriting to challenge policies after the insured passes away.

Complaint - 5

37.  Defendant's policies restrict it to rescinding a policy for incorrect application answers within two (2) years of the application date or six (6) months from the date of any reinstatement ("contestable period") (see attached).

38.  American Century Life's policies explicitly state that they are entirely "incontestable" after having been in force for a period of two (2) years from the application date, or six (6) months from the date of any reinstatement.

39.  Upon information and belief, Defendant has habitually and systematically violated its own contractual language by challenging and rescinding policies well after the contestable period has passed.

40.  This act has impacted an entire class of consumers as their loved ones have been denied life insurance benefits properly owed to them.

41.  Defendant has shown a clear disregard for consumers by openly and systematically violating the terms of the contractual language contained within each of Defendant's life insurance policies relative to the denial of claims after the contestability period expires.

42.  Although Defendant has cited specific and sometimes unique misrepresentations within some of its denials, all denials after the expiration of the contestable period are a blatant breach of the contractual language binding the Defendant and the Defendant's numerous consumers.

43.  Defendant's actions of rescinding policies after the contestable period's expiration presents a common question for all beneficiaries who have had benefits ripped from them due to Defendant's blatant contractual breach.

44.  The question of Defendant's systematic breach of its contestable period is the predominant and common factor to efficiently and effectively adjudicate all the class members that have been harmed by Defendant's improper actions.

Complaint - 6

45. Most of the life insurance policies that Defendant has issued are worth less than $20,000.

46. Due to the low value of these policies, beneficiaries are hard pressed to procure legal representation willing to prosecute such claims.

47. When representation can be obtained, beneficiaries are saddled with the burden of bereavement while simultaneously trying to clear the besmirched name of their recently passed loved ones.

48. Combining the claims of all such life insurance beneficiaries harmed by Defendant in a virtually identical manner is the most efficient and effective manner for these claims to be heard.

49. Many beneficiaries will likely never be able to find counsel to individually prosecute such a relatively small claim.

50. A class action ensures such beneficiaries will be guaranteed a voice and advocate for justice, regardless of the size of their claim.

51. Defendant's contractual breach of the contestable period provision in the policy is the same wrong it has done to every beneficiary who has had a loved one pay premiums for life insurance coverage.

52. By determining whether Defendant's actions of denying a policy well after the contestable period found within its contracts is lawful, this Court can efficiently, quickly, and effectively adjudicate all claims that flow from this systematic and habitual practice.

53. Moreover, many class members remain unaware of their rights and without this class action would remain unaware of their rights.

Complaint - 7

# COUNT I
# BREACH OF CONTRACT
**(on behalf of Sandra Rivers and Toni Norris, as well as the entire Class)**

54. Plaintiff incorporates by references all allegations of the preceding paragraphs as though fully set forth herein.

55. Defendant has failed to abide by the plain language of its contracts relative to the incontestability clause.

56. Defendant has violated the incontestability clause by contesting policies after the policy had been effective for two (2) years.

57. Defendant has systematically and methodically breached numerous contracts by rescinding them after the contestability period expiration.

58. Each breach has caused substantial harm to policyholders and beneficiaries alike as said breach robbed policyholders and beneficiaries of coverage and death benefits respectively on which they had been diligently paying for years.

59. Defendant has engaged in practices to purposefully prevent insureds and beneficiaries from gaining the value of their life insurance contract.

60. Defendant has purposefully engaged in systematic operations to improperly prevent the payout on insurance contracts that are no longer contestable.

# COUNT II
# VIOLATION OF UNFAIR TRADE PRACTICES AND
# CONSUMER PROTECTION LAW

**(on behalf of Sandra Rivers and Toni Norris, as well as the entire Class)**

61. Plaintiff incorporates by reference all allegations of the preceding paragraphs as though fully set forth herein.

Complaint - 8

62. Defendant sells insurance products in Alabama, Arizona, Indiana, Ohio, Pennsylvania, Texas, and Utah.

63. All these states have consumer protection laws to protect citizens from unscrupulous and deceptive trade practices.

64. Defendant has directly breached and violated the contracts it has made with citizens within these states.

65. Defendant's actions constitute unfair and deceptive trade practices as it is not honoring the plain language of its life insurance contracts.

66. Defendant's actions run afoul of consumer protection laws as it is continually denying insurance claims with no reasonable basis.

67. Defendant's systematic violation of its contractual language violate consumer protection laws as Defendant has been offering policyholders phantom coverage for years in that Defendant never intended to honor said coverage.

## COUNT III
## UNJUST ENRICHMENT

**(on behalf of Sandra Rivers and Toni Norris, as well as the entire Class)**

68. Plaintiff incorporates by reference all allegations of the preceding paragraphs as though fully set forth herein.

69. Defendant has collected premiums on these types of life insurance contracts for years.

70. These premiums were the consideration paid by consumers in exchange for life insurance protection that would be extended in accordance with the life insurance contract.

71. Defendant has violated the life insurance contract by failing to follow the plain language of the contract.

Complaint - 9

72. Defendant has pocketed these premiums, as well as the interest earned on them, all while failing to provide coverage in accordance with the contract.

73. Defendant has profited from the selling of these insurance policies, while failing to provide the consideration on its end of the contract.

74. Defendant has issued contracts with the intent to collect premiums and earn interest on those premiums, while never planning to honor the contract.

75. Defendant's actions have been carried out in a systematic and methodical way to enrich itself at the expense of consumers across multiple states.

## COUNT IV
## BAD FAITH

**(on behalf of Sandra Rivers and Toni Norris, as well as the entire Class)**

76. Plaintiff incorporates by reference all allegations of the preceding paragraphs as though fully set forth herein.

77. Defendant's systematic and repeated breaches of its life insurance contracts are proof of its bad faith actions.

78. Plaintiff's undersigned counsel attempted to point out Defendant's failure to follow the basic language of its life insurance contracts, but Defendant refused to respond to that revelation (see attached letter).

79. Defendant continually violated the contracts on these low value life insurance policies knowing that insureds and beneficiaries would have issues finding representation to protect their rights.

80. Defendant failed to act in good faith and actively prevented policyholders, insureds, and beneficiaries from receiving the benefits guaranteed by the life insurance contracts offered by Defendant.

81. Defendant did not have a reasonable basis for rescinding these life insurance policies.

Complaint - 10

82. Defendant has provided no reasoning as to why the contract's plain language is not controlling, nor why it does not have to be followed.

83. Defendant's continual and methodical denials after the contestability period expired was a scheme intended to prevent policyholders, insureds, and beneficiaries from ever receiving the value of the contract offered by Defendant.

84. Defendant purposefully engaged in selling insurance products containing contractual language that Defendant never intended to honor.

## COUNT V
## DECLARATORY JUDGMENT
**(on behalf of Sandra Rivers and Toni Norris, as well as the entire Class)**

85. Plaintiff incorporates by reference all allegations of the preceding paragraphs as though fully set forth herein.

86. Defendant issued contracts that included clear language regarding a contestability period.

87. The language of these contracts allowed Defendant to contest the validity of the contract for up to two (2) years after the effective date of the policy.

88. After the policy's second year anniversary, Defendant had no contractual right whatsoever to contest the validity of the contract based on misrepresentations in the application.

89. Defendant decided to contest numerous policies after their second year anniversaries.

90. Defendant clearly violated the well-established two (2) year contestability period by rescinding contracts that were older than two (2) years for purported misrepresentations in the application.

91. Defendant has violated numerous contracts with this specific clause, demonstrating its intentional and systemic violation of clear contractual language.

92. Defendant's actions are inapposite to its rights underneath the contracts.

Complaint - 11

**PRAYER FOR RELIEF**

93. WHEREFORE, Plaintiffs, on their own behalf, and all others similarly situated, respectfully demand judgment against Defendant as follows:

   a. That the Court certify this lawsuit as a class action under Rules 23(a), b(2), and b(3) of the Federal Rules of Civil Procedure, and that Plaintiffs be designates as class representatives and that Plaintiff's counsel be appointed as Class Counsel;

   b. That the Court award declaratory judgment in favor of Plaintiff and the Class that all contracts that have been in force for longer than two (2) years are incontestable;

   c. That the Court award Plaintiff and all similarly situated members of the Class damages against Defendant;

   d. That the court grant injunctive relief, including an order prohibiting Defendant from unilaterally rescinding its policies after the contestability period had ended for any reason other than nonpayment of premiums;

   e. That the Court award Plaintiff and the Class their cost of suit, including reasonable attorneys' fees and expenses, including expert fees, as provided by law;

   f. That the court award Plaintiff and the Class prejudgment interest at the maximum rate allowable by law;

   g. That the court award punitive damages for Defendant's systemic and blatant breach of life insurance contracts that have harmed numerous policyholders and beneficiaries with impunity; and

   h. That the Court aware any other relief as justice may require.

Complaint - 12

## **DEMAND FOR JURY TRIAL**

Plaintiff respectfully request a trial by jury on all claims triable as a matter of right.

Respectfully submitted,

By: /s/ Joseph Mattia
The Boonswang Law Firm
1500 Sansom Street, Suite 200
Philadelphia, PA  19102
Tel: 215.940.8900
Fax: 215.974.7800
Joseph@boonswanglaw.com
PA State Bar No. 326282

By: /s/ Michael Wentz
The Boonswang Law Firm
1500 Sansom Street, Suite 200
Philadelphia, PA  19102
Tel: 215.940.8900
Fax: 215.974.7800
Michael@boonswanglaw.com
PA State Bar No. 327842

By: /s/ Chad G. Boonswang
The Boonswang Law Firm
1500 Sansom Street, Suite 200
Philadelphia, PA  19102
Tel: 215.940.8900
Fax: 215.974.7800
Chad@boonswanglaw.com
PA State Bar No. 79631